SHOWALTER, Circuit Judge.
Appellants brought suit for the infringement of letters patent 334,842, issued January 26, 1886, to one George W. Blair. The patentee says in his specification:
“The object of my invention is the production of an anti-rattler for thill couplings, made of plate steel or other suitable elastic material bent upon itself, and adapted to be inserted between the ears of the jack-clip, and having two curves or corrugations upon its face front, one of which has a hearing against the thill iron. In the accompanying drawing, forming a part of this specification, the figure is a perspective view of the anti-rattler embodying my invention. A represents a steel or other suitable elastic plate, bent forward at a, and having a return bent at a'. The outer limb, B, is formed with a rib or corrugation, b', and has a curved portion, c, between a' and b’ From b' to the end of the plate is a curve, c', adapted to fit against the hack part of the thill iron, and, by pressure against the same, prevent rattling, as is well understood. To the forwardly projecting part, X, of the spring plate, is secured by rivets, or in other appropriate manner, the plate, D, which forms a T-head adapted to rest on top the ears of the jack-clip, thus preventing the spring from falling or working out in a downward direction, while the rib between the two curved portions, c, e', prevents it from working out in an upward direction. By making the sharp return curves at a', the spring is easily inserted between , the end of the thill iron and axle clip. I am aware that anti-rattlers have heretofore been made of single plates of steel bent in various forms. I therefore desire to restrict my claim to the specific device herein shown and described.
What I claim is: The anti-rattler for thill couplings hereinbefore described, made of a steel or other elastic plate, with the sharp return curve, at a', the *152 curved portions, c and e’, and rib, b', in the outer limb thereof, and having the back part bent forward at a to form the part X, and with the plate, D, secured thereto.”
The drawing which accompanied the patent is as follows:

The claim on its face, as well as by the express concession and declaration in the specification, is restricted to the specific device shown and described. In the specification and in the claim itself a distinction is made between a rib and a curve. An angular projection like b' is a rib. An inward bend like c or c' is a curve. Structural characteristics thus distinguished and made essential in the claim must necessarily be found in any infringing device.
That complained of is shown in the following figure:

By comparing this device with that of the patent, it will be noticed that in the bent bar or plate of appellees there is no “curved portion, c,” no “part X,” in form and function as stated in the patent, and no “plate, D, secured thereto.” We do not find it necessary to go generally into details on the prior art, as abundantly shown in the record. If the ears, 0, and the clip, D, be omitted from the Murbarger drawings, that device would anticipate the one in suit unless the “curved portion, c,” and the “plate, D,” constructed and attached as described, be insisted on as essential.
But obviously the patentee here, by the terms of his claim when construed with reference to his specification and concession therein, left no scope for his monopoly beyond the special form of device described and a choice of material in making his elastic plate. Hence there is no infringement. We do not find it necessary to consider the point that the claim as a combination is invalid, or the matter of invention.
The decree is affirmed.